# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MINNESOTA

In re:

Pure Prairie Poultry, Inc.                                   Case No. 24-32426 KAC

Debtor.                                   Chapter 11 Case

---

## NOTICE OF HEARING AND MOTION FOR AN EXPEDITED HEARING AND FOR AN ORDER AUTHORIZING THE DEBTOR TO PAY PRE-PETITION REAL PROPERTY TAXES

---

TO:    THE OFFICE OF THE UNITED STATES TRUSTEE AND OTHER PARTIES-IN-INTEREST AS SPECIFIED IN LOCAL RULE 9013-3.

1.    The above-named Debtor ("Debtor"), through its undersigned attorneys, moves the court for the relief requested below and gives notice of hearing.

2.    The Court will hold a hearing on this motion at 3:00 p.m. on Wednesday, September 25, 2024 before the Honorable Katherine A. Constantine, Courtroom 8, U.S. Courthouse, 300 South Fourth Street, Minneapolis, Minnesota 55415.

3.    Due to the request for expedited hearing, the Debtor will not object to the timeliness of any response that is filed and delivered to Debtor's counsel at least two (2) hours prior to the hearing. **UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.**

4.    This court has jurisdiction over this motion under 28 U.S.C. §§ 157 and 1334, Bankruptcy Rule 5005 and Local Rule 1070-1. The petition commencing this case was filed on September 20, 2024 (the "Petition Date"). The case is now pending before this court.

5.    This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this court pursuant to 28 U.S.C. §§ 1408 and 1409.

1

6.      This motion requests relief under 11 U.S.C. §§ 105(a); 363(b) and 507(a) and is filed pursuant to Local Rules 9013-1 through 9013-3. The Debtor seeks an order authorizing the Debtor to pay pre-petition real property taxes in Floyd County, Iowa ("Pre-Petition Real Property Taxes").

7.      The Debtor operates a poultry production plant in Charles City, Iowa (the "Plant"). As of the Petition Date, its poultry products are sold in regional grocery stores and food markets in Minnesota, Iowa, North Dakota, South Dakota, Missouri, and Nebraska.

8.      The events precipitating the Debtor's chapter 11 filing are described in the Declaration of George Peichel, Chief Financial Officer of the Debtor, filed on September 20, 2024.

9.      On the Petition Date, the Debtor filed a voluntary petition for relief pursuant to Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").  The Debtor continues to operate its business as a debtor in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in the Debtor's Chapter 11 case. No creditors or other official committee has been appointed pursuant to Section 1102 of the Bankruptcy Code.

10.     As of the Petition Date, the Debtor was delinquent on Pre-Petition Real Property Taxes relating to four parcels located in Floyd County, Iowa (the "Property"). The Property houses the Plant, which is instrumental to Debtor's business purpose and its ability to successfully reorganize. Loss of the Plant would be detrimental to Debtor's reorganization attempts.

11.     By "Notice of Previous Tax Sale" received from the Floyd County Treasurer (the "Treasurer") on or around June 18, 2024 (the "Notice"), the Treasurer indicated that, because Debtor failed to timely make payment on these Pre-Petition Real Property Taxes, the delinquent

2

taxes were sold at a Tax Sale conducted pursuant to Iowa Code §§ 446.7 and 446.16. The Notice is attached hereto as **Exhibit A**.

12.     Pursuant to the Notice, Debtor must make a redemption payment in the total amount of $110,788.00. If not made, Debtor risks the purchaser at tax sale taking deed to the Property, putting Debtor's ongoing business operations at risk. In the interim, Debtor continues to incur additional monthly penalties each month that payment is not made.[1]

13.     The Debtor will suffer irreversible and irreparable harm if it is not authorized to pay Pre-Petition Real Property Taxes. If the Pre-Petition Real Property Taxes are not paid, the Debtor's state-of-the-art facility will be at risk, hampering any prospect of successful reorganization. Such a result would require possible relocation and cause both immediate and long-term damage to the Debtor's ongoing business operations.

14.     Upon information and belief, Debtor is current on all Pre-Petition Real Property Taxes prior to those for 2024 outlined in the Notice. Thus, these Pre-Petition Real Property Taxes appear to have arisen entitled within the year prior to this Chapter 11 case.

15.     It is within the Court's discretion to permit Debtor to pay Pre-Petition Real Property Taxes to ensure it retains its permanent primary operating location and does not incur additional late penalties as a result of delayed payment.

16.     Cause exists to hear this matter on an expedited basis to avoid a delay in payment. To avoid disruption in the Debtor's business, the Debtor should be authorized to make payment on Pre-Petition Real Property Taxes to redeem the Property.

17.     Pursuant to Local Rule 9013-2(a), this Motion is verified and accompanied by a

---

[1] The Notice only provided redemption payment amounts through the final day of August, but provides that each month thereafter will incur an additional late penalty of 2%. Accordingly, amounts due if paid in full by the end of September are calculated by Debtor to be: Certificate 24075 ($12,438.00), Certificate 24083 ($97,276.00), Certificate 24074 ($666.00), and Certificate 24084 ($408.00).

3

134947513v1

memorandum of law, proposed order, and proof of service.

18.     Pursuant to Local Rule 9013-2(c), the Debtor gives notice that it may, if necessary, call George Peichel, Chief Financial Officer of Debtor, to testify on behalf of the Debtor about the factual matters raised in this Motion.

WHEREFORE, the Debtor respectfully requests that the Court grant the Motion and authorize the payment of Pre-Petition Real Property Taxes to redeem the property and for such other and further relief as the court may deem just and equitable.

Dated: September 20, 2024          **TAFT STETTINIUS & HOLLISTER LLP**

By: */s/ James M. Jorissen*
     James M. Jorissen, #262833
     Adam G. Chandler, #397408
     Schaan P. Barth, #397898
     2200 IDS Center
     80 South Eighth Street
     Minneapolis, MN 55402
     Telephone: 612-977-8400
     Facsimile: 612-977-8650
     jorissen@taftlaw.com
     achandler@taftlaw.com
     sbarth@taftlaw.com

**PROPOSED COUNSEL FOR THE DEBTOR**

134947513v1

## VERIFICATION

I, George Peichel, Chief Financial Officer of the Debtor named in the foregoing motion, declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information and belief.

Dated this <u>20th</u> day of September, 2024.

George Peichel

# EXHIBIT A

## Notice of Previous Tax Sale

# Floyd County

Tuesday, June 18, 2024

| When redeemed by end of: | Payment Amount |
|---|---|
| June | 11747.00 |
| July | 11978.00 |
| August | 12208.00 |

**Primary:    9943144**

PURE PRAIRIE POULTRY, INC.
68808 FORT ROAD
FAIRFAX, MN 55332

You have received this notification, as your property taxes were not paid prior to the third Monday in June.  Your delinquent taxes were sold at Tax Sale, and the purchaser may take deed to your property, if these taxes are not paid, (per sections 446.7 and 446.16 of the IOWA code).

Year / Certificate: **2024 / 24075**
Tax Dist / Parcel: **410    /    120630100900**
        Legal: PAR 'B' LANES ADDN PT OF BLKS 138 & 139

The redemption amount for the current month is listed in the box above.  If not redeemed, additional penalty of 2% per month accrues.

**Guaranteed Funds (cash, money order, or cashier's check) are required for redemption.  No personal checks are accepted.**

If this certificate is not redeemed and the 2024-2025 taxes are not paid within 14 days of the delinquent dates (October 1 AND April 1), the new taxes may be added to the certificate as a subsequent sale.

Payment may be made on the 2024-2025 taxes, even if you have not redeemed the tax sale certificate.

Please call our office at 641-257-6118 if you have any questions.

Floyd County Treasurer
101 S Main Street
Charles City, Iowa 50616-2792
Email:  treasurer@floydcoia.org

# Floyd County Treasurer, 101 S. Main Street, Ste 303, Charles City, IA 50616

### APPLICATION AND AFFIDAVIT FOR
### REDEMPTION OF REAL ESTATE SOLD FOR TAXES

District#_____                          Amount of Redemption  $_____

Parcel Number_____            Tax Sale Certificate #_____

State of IOWA )
) ss.
County of FLOYD )
I, the undersigned, hereby request the Floyd County Treasurer to issue, as directed by me, a Certificate of Redemption from tax sale of the above-numbered parcel of property located in Floyd County. To satisfy the Treasurer that I have an interest in the property itself sufficient to give me a right to redeem it upon payment of proper amount. I do depose and certify under penalty of perjury that I am, or the party on whose behalf I am acting, is:

_____The titleholder of record, or vendor or vendee under a recorded contract for deed.

_____ A mortgagee, judgment creditor, or holder of some other lien of record against the property, or the owner of record of the land on which the property, taxable as if real estate, is situated, or a life tenant, remainder person or holder of a dower interest in the property, or the holder of record of a certificate of purchase of the property at a tax sale prior to the sale from which this redemption is made, or other holder of an ownership interest of record in the property.

_____ A lessee under a written lease or a possessor of the property under color of title, evidence of which is attached, or a holder of some other unrecorded interest in the property, evidence of which is attached, briefly described as:

_____

_____


_____          _____
Person or entity entitled to                          (Signature)
redeem (print)


_____          _____
Address                                Title or capacity of agent, attorney or
                                       personal representative

Z:\Tax Sale\Aff for Redemption from Tax Sale TEMPLATE.odt

## Notice of Previous Tax Sale

# Floyd County

Tuesday, June 18, 2024

| When redeemed by end of: | Payment Amount |
|---|---|
| June | 91872.00 |
| July | 93674.00 |
| August | 95475.00 |

**Primary:    9943144**

PURE PRAIRIE POULTRY, INC.
68808 FORT ROAD
FAIRFAX, MN 55332

You have received this notification, as your property taxes were not paid prior to the third Monday in June.  Your delinquent taxes were sold at Tax Sale, and the purchaser may take deed to your property, if these taxes are not paid, (per sections 446.7 and 446.16 of the IOWA code).

Year / Certificate:  **2024 / 24083**
Tax Dist / Parcel:  **411    /    110142800500**
         Legal: LANES BLOCK 149 N OF RR & BLOCK 148 BETWEEN RAILROADS

The redemption amount for the current month is listed in the box above.  If not redeemed, additional penalty of 2% per month accrues.

**Guaranteed Funds (cash, money order, or cashier's check) are required for redemption.  No personal checks are accepted.**

If this certificate is not redeemed and the 2024-2025 taxes are not paid within 14 days of the delinquent dates (October 1 AND April 1), the new taxes may be added to the certificate as a subsequent sale.

Payment may be made on the 2024-2025 taxes, even if you have not redeemed the tax sale certificate.

Please call our office at 641-257-6118 if you have any questions.

Floyd County Treasurer
101 S Main Street
Charles City, Iowa 50616-2792
Email:  treasurer@floydcoia.org

# Floyd County Treasurer, 101 S. Main Street, Ste 303, Charles City, IA 50616

### APPLICATION AND AFFIDAVIT FOR
### REDEMPTION OF REAL ESTATE SOLD FOR TAXES

District#_____                     Amount of Redemption  $_____

Parcel Number_____        Tax Sale Certificate #_____

State of IOWA )
) ss.
County of FLOYD )
I, the undersigned, hereby request the Floyd County Treasurer to issue, as directed by me, a Certificate of Redemption from tax sale of the above-numbered parcel of property located in Floyd County. To satisfy the Treasurer that I have an interest in the property itself sufficient to give me a right to redeem it upon payment of proper amount. I do depose and certify under penalty of perjury that I am, or the party on whose behalf I am acting, is:

_____The titleholder of record, or vendor or vendee under a recorded contract for deed.

_____ A mortgagee, judgment creditor, or holder of some other lien of record against the property, or the owner of record of the land on which the property, taxable as if real estate, is situated, or a life tenant, remainder person or holder of a dower interest in the property, or the holder of record of a certificate of purchase of the property at a tax sale prior to the sale from which this redemption is made, or other holder of an ownership interest of record in the property.

_____ A lessee under a written lease or a possessor of the property under color of title, evidence of which is attached, or a holder of some other unrecorded interest in the property, evidence of which is attached, briefly described as:

_____

_____

_____         _____
Person or entity entitled to                              (Signature)
redeem (print)

_____         _____
Address                                   Title or capacity of agent, attorney or
personal representative

Z:\Tax Sale\Aff for Redemption from Tax Sale TEMPLATE.odt

## Notice of Previous Tax Sale

# Floyd County

Tuesday, June 18, 2024

| When redeemed by end of: | Payment Amount |
|---|---|
| June | 629.00 |
| July | 642.00 |
| August | 654.00 |

**Primary:    9943144**

PURE PRAIRIE POULTRY, INC.
68808 FORT ROAD
FAIRFAX, MN 55332

You have received this notification, as your property taxes were not paid prior to the third Monday in June.  Your delinquent taxes were sold at Tax Sale, and the purchaser may take deed to your property, if these taxes are not paid, (per sections 446.7 and 446.16 of the IOWA code).

Year / Certificate: **2024 / 24074**
Tax Dist / Parcel: **410    /    120630100800**
            Legal: PAR 'A' LANES ADDN BLK 139

The redemption amount for the current month is listed in the box above.  If not redeemed, additional penalty of 2% per month accrues.

**Guaranteed Funds (cash, money order, or cashier's check) are required for redemption.  No personal checks are accepted.**

If this certificate is not redeemed and the 2024-2025 taxes are not paid within 14 days of the delinquent dates (October 1 AND April 1), the new taxes may be added to the certificate as a subsequent sale.

Payment may be made on the 2024-2025 taxes, even if you have not redeemed the tax sale certificate.

Please call our office at 641-257-6118 if you have any questions.

Floyd County Treasurer
101 S Main Street
Charles City, Iowa 50616-2792
Email:  treasurer@floydcoia.org

# Floyd County Treasurer, 101 S. Main Street, Ste 303, Charles City, IA 50616

## APPLICATION AND AFFIDAVIT FOR
## REDEMPTION OF REAL ESTATE SOLD FOR TAXES

District#_____                              Amount of Redemption  $_____

Parcel Number_____               Tax Sale Certificate #_____

State of IOWA )
) ss.
County of FLOYD )
I, the undersigned, hereby request the Floyd County Treasurer to issue, as directed by me, a
Certificate of Redemption from tax sale of the above-numbered parcel of property located in
Floyd County. To satisfy the Treasurer that I have an interest in the property itself sufficient to
give me a right to redeem it upon payment of proper amount. I do depose and certify under
penalty of perjury that I am, or the party on whose behalf I am acting, is:


_____The titleholder of record, or vendor or vendee under a recorded contract for deed.


_____ A mortgagee, judgment creditor, or holder of some other lien of record against
the property, or the owner of record of the land on which the property, taxable as if real estate, is
situated, or a life tenant, remainder person or holder of a dower interest in the property, or the holder
of record of a certificate of purchase of the property at a tax sale prior to the sale from which this
redemption is made, or other holder of an ownership interest of record in the property.


_____ A lessee under a written lease or a possessor of the property under color of title,
evidence of which is attached, or a holder of some other unrecorded interest in the property,
evidence of which is attached, briefly described as:


_____

_____


_____          _____
Person or entity entitled to                        (Signature)
redeem (print)


_____          _____
Address                                 Title or capacity of agent, attorney or
                                        personal representative


Z:\Tax Sale\Aff for Redemption from Tax Sale TEMPLATE.odt

## Notice of Previous Tax Sale

# Floyd County

Tuesday, June 18, 2024

| When redeemed by end of: | Payment Amount |
|---|---|
| June | 385.00 |
| July | 392.00 |
| August | 400.00 |

**Primary:    9943144**

PURE PRAIRIE POULTRY, INC.
68808 FORT ROAD
FAIRFAX, MN 55332

You have received this notification, as your property taxes were not paid prior to the third Monday in June.  Your delinquent taxes were sold at Tax Sale, and the purchaser may take deed to your property, if these taxes are not paid, (per sections 446.7 and 446.16 of the IOWA code).

Year / Certificate: **2024 / 24084**
Tax Dist / Parcel: **411    /    110142900500**
           Legal: PARC 'I' BLK 150 LANES ADDN

The redemption amount for the current month is listed in the box above.  If not redeemed, additional penalty of 2% per month accrues.

**Guaranteed Funds (cash, money order, or cashier's check) are required for redemption.  No personal checks are accepted.**

If this certificate is not redeemed and the 2024-2025 taxes are not paid within 14 days of the delinquent dates (October 1 AND April 1), the new taxes may be added to the certificate as a subsequent sale.

Payment may be made on the 2024-2025 taxes, even if you have not redeemed the tax sale certificate.

Please call our office at 641-257-6118 if you have any questions.

Floyd County Treasurer
101 S Main Street
Charles City, Iowa 50616-2792
Email:  treasurer@floydcoia.org

# Floyd County Treasurer, 101 S. Main Street, Ste 303, Charles City, IA 50616

APPLICATION AND AFFIDAVIT FOR
REDEMPTION OF REAL ESTATE SOLD FOR TAXES

District#_____          Amount of Redemption  $_____

Parcel Number_____          Tax Sale Certificate #_____

State of IOWA )
) ss.
County of FLOYD )
I, the undersigned, hereby request the Floyd County Treasurer to issue, as directed by me, a Certificate of Redemption from tax sale of the above-numbered parcel of property located in Floyd County. To satisfy the Treasurer that I have an interest in the property itself sufficient to give me a right to redeem it upon payment of proper amount. I do depose and certify under penalty of perjury that I am, or the party on whose behalf I am acting, is:

_____The titleholder of record, or vendor or vendee under a recorded contract for deed.

_____ A mortgagee, judgment creditor, or holder of some other lien of record against the property, or the owner of record of the land on which the property, taxable as if real estate, is situated, or a life tenant, remainder person or holder of a dower interest in the property, or the holder of record of a certificate of purchase of the property at a tax sale prior to the sale from which this redemption is made, or other holder of an ownership interest of record in the property.

_____ A lessee under a written lease or a possessor of the property under color of title, evidence of which is attached, or a holder of some other unrecorded interest in the property, evidence of which is attached, briefly described as:

_____

_____


_____          _____
Person or entity entitled to                    (Signature)
redeem (print)


_____          _____
Address                              Title or capacity of agent, attorney or
                                     personal representative

Z:\Tax Sale\Aff for Redemption from Tax Sale TEMPLATE.odt

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MINNESOTA**

In re:

Pure Prairie Poultry, Inc.                                    Case No. 24-32426 KAC

              Debtor.                                    Chapter 11 Case

**DEBTOR'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR AN
ORDER AUTHORIZING THE DEBTOR TO PAY AUTHORIZING THE
DEBTOR TO PAY PRE-PETITION REAL PROPERTY TAXES**

The above-named Debtor (the "Debtor"), by and through its undersigned counsel, submits this memorandum of law in support of the accompanying motion in the above-entitled matter and in accordance with Local Rule 9013-2(a).

## FACTUAL BACKGROUND

The Debtor relies on the statement of facts set forth in the verified motion, the Petition, and the Declaration of George Peichel in Support of First Day Motions. The defined terms used in this Memorandum have the same meaning as in the accompanying motion.

## ARGUMENT

**I.      THE DEBTOR'S REQUEST FOR EXPEDITED RELIEF SHOULD BE GRANTED.**

The Debtor requests expedited relief. Bankruptcy Rule 9006(c) provides that the Court may reduce the notice period for a Motion "for cause shown." Cause exists here to grant the Motion on an expedited basis. As described in the motion, the Debtor's Plant is situated on the Property and faces risk of deed transfer to the tax sale purchaser should Debtor fail to timely redeem. This Property is essential to Debtor's ongoing business operations. Without the Property, Debtor would be forced to relocate in order to continue operations or, in the alternate, would lose any prospect

6

of reorganization and be forced to liquidate as a result of being unable to operate its business. Notwithstanding this palpable risk, Debtor continues to incur additional monthly penalties – estimated to total approximately $2,050 per month – with each passing month that payment is not made.

Liquidation following cessation of operations will strip the Debtor of its going-concern value, the loss of which – given the composition of assets extant in this Chapter 11 estate – would be inimical to the interests of the bankruptcy estate, its creditors and other stakeholders. Expedited relief authorizing payment of Pre-Petition Real Property Taxes is thus necessary to avoid immediate and irreparable harm.

## II.    THE DEBTOR SHOULD BE AUTHORIZED TO PAY PRE-PETITION WAGES AND RELATED BENEFITS.

Pursuant to Section 105(a) of the Bankruptcy Code, bankruptcy courts are granted broad discretion and authority to carry out the provisions of the Bankruptcy Code, under both specific statutory provisions and under equitable common law principles. *See In re Archdiocese of St. Paul and Minneapolis*, 578 B.R. 823, 827 (Bankr. D. Minn. 2017). Under that section, the bankruptcy court enjoys the "power to issue any order, process or judgment that is necessary or appropriate to carry out the provision of this title and confers equitable powers upon the courts." *Id*. In light of this authority and pursuant to a more general interest to maximize the assets of the estate and ensure viable prospects of continued operation moving forward, Debtor now seeks to pay past-due (and publicly auctioned) tax obligations at the outset of the case, rather than once a plan can be confirmed.

### A.   *The Bankruptcy Code Permits Payment of Certain Pre-Petition Claims*

The Debtor should be permitted to pay Pre-Petition Real Property Taxes pursuant to Section 105(a) of the Bankruptcy Code based on the "Doctrine of Necessity."  The Court's powers

7

under 105(a) arise to permit the Court to "take whatever action is appropriate or necessary in aid of the exercise of [its] jurisdiction." *See* 2 COLLIER ON BANKRUPTCY ¶ 105.01 (16th ed.). Application of Section 105(a) is appropriate in this context because the relief requested is consistent with the Bankruptcy Code's interest in successful reorganization and maintenance of ongoing business operations wherever practicable. *See, e.g., In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 176 (Bankr. S.D.N.Y. 1989) ("[t]he policy of equality among creditors . . . may be of significance in liquidation cases under Chapter 7, however, the paramount policy and goal of Chapter 11, to which all other bankruptcy policies are subordinated, is the rehabilitation of the debtor."); *see also NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 528, 104 S.Ct. 1188 (1984) ("[t]he fundamental purpose of reorganization is to prevent the debtor from going into liquidation . . ."). The Doctrine of Necessity recognizes this consideration and permits any payment which is "critical to the debtor's reorganization." *See In re NVR L.P.*, 147 B.R. 126, 128 (Bankr. E.D. Va. 1992). Although it was devised long ago, the Doctrine of Necessity has proved to be resilient through several amendments to the Bankruptcy Code, and it is still cited today. *See, e.g., In re O & S Trucking, Inc.,* Case No. 12-61003, 2012 WL 2803738, at *2 (Bankr. W.D. Mo. June 29, 2012); *In re Payless Cashways, Inc.,* 268 B.R. 543 (Bankr. W.D. Mo. 2001); *In re Just For Feet,* 242 B.R. 821 (D. Del. 1999).

In light of the foregoing, the Debtor should be entitled to make necessary payments to redeem Pre-Petition Real Property Taxes. Such relief is necessary to the Debtor's restructuring, will stave off possible risk of liquidation were the Property not redeemed, and ensure that Debtor does not continue to incur additional penalties and interest to the detriment of its estate and all other creditors. Non-payment would work to the detriment of all involved and only perpetuate the

134947513v1

risk that Debtor's Property be lost the tax sale purchaser. In that scenario, nobody wins. Accordingly, relief should be granted.

**B.    The Taxes May Be Entitled to Priority Status Pursuant to Section 507(a)(8) of the Bankruptcy Code**

Governmental claims for pre-petition real property taxes are or may be entitled to priority treatment and paid prior to general unsecured creditors. *See* 11 U.S.C. § 507(a)(8). Accordingly, payment of the Pre-Petition Real Property Taxes likely will not give the Treasurer any more than that to which it would otherwise be entitled through a Chapter 11 plan. Further, payment now will save Debtor the potential interest, legal expenses, and penalties which may accrue if not paid now and instead paid once a Chapter 11 plan is confirmed. As already stated, Debtor incurs an additional penalty in the amount of approximately $2,050 with each month that passes. Moreover, to the extent these Pre-Petition Real Property Taxes would be entitled to priority treatment, the relevant governmental units may be entitled to assess additional interest and penalties. *See* 11 U.S.C. § 507(a)(8)(G).

Accordingly, to the extent these Pre-Petition Real Property Taxes remain outstanding, their payment at the outset of this Chapter 11 case would only concern a matter of *timing* of payment. That payment at this time would not unduly prejudice the rights of other creditors and, instead, will ensure that Debtor does not incur additional interest or penalties as a result of the delay. No useful purpose is to be served by denying Debtor's request to make payment, to the extent any such payments would be paid pursuant to a plan of reorganization in this Chapter 11 case nonetheless.

**C.    The Court May Permit Payment of Pre-Petition Real Property Taxes Under Section 363(b)**

The Bankruptcy Code does not prohibit a debtor from paying pre-petition claims in all instances and, in fact, authorizes debtors to do so in several circumstances upon court approval.

9

*See, e.g.,* 11 U.S.C. §§ 363(b). Pursuant to Section 363(b), "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." *See, e.g., In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175. Under this authority, "[a] bankruptcy court is empowered . . . to authorize a debtor to expend funds in the bankruptcy court's discretion outside the ordinary course of business." *Id*. To do so, the debtor is only required to demonstrate "some articulated business justification" for doing so. *See In re Trilogy Development Co., LLC*, No. 09-42219-DRD-11, 2012 WL 13330680, at *1 (Bankr. W.D. Mo. June 14, 2012); *In re Nine West Holdings, Inc.*, 588 B.R. 678, 686 (Bankr. S.D.N.Y. 2018) (noting the power is broad "so long as such use is supported by a good business reason.").

As articulated above, Debtor seeks relief to pay Pre-Petition Real Property Taxes for several good business reasons. Paying these obligations at the outset will provide assuredness in the nature and ownership of Debtor's main operating location. It will also avoid the possibility of later costs and judicial resources incurred in prospective motions to lift the stay by the governmental unit and/or the tax sale purchaser(s) in order to enforce their rights. Further, the result will inure to the benefit of all parties involved, as Debtor will not continue to incur monthly penalties totaling several thousand dollars while it continues to seek plan confirmation. Lastly, it will avoid additional legal cost down the line as the Debtor seeks redemption under Iowa tax sale procedures to avoid an undoing of all work towards reorganization towards that point. Debtor has sufficient business purpose for the relief requested, and no creditor will be unduly prejudiced as a result.

Accordingly, Debtor seeks authority, in its sole discretion, to pay Pre-Petition Real Property Taxes to avoid immediate and irreparable harm which may occur if it were to wait to do so until a plan is confirmed. That said, nothing in this Motion or the accompanying order should

10

be construed as impairing the Debtor's right to contest the amounts of those Pre-Petition Real Property Taxes, or penalties and/or interest relating thereto.

**<u>CONCLUSION</u>**

The Debtor has a compelling business justification for payment of the pre-petition obligations owed to local tax authorities, and the immediate payment of such obligation is necessary to avoid immediate and irreparable harm. Further, granting the relief requested will not prejudice any creditor or other party in interest. Rather, the relief requested will inure to the benefit of all parties in interest by ensuring that Debtor does not lose its operating location so that Debtor's business operations may continue. For these reasons, and others set forth above, the Debtor respectfully asks the Court to grant the relief requested in the Motion on an expedited basis.

Dated: September 20, 2024            **TAFT STETTINIUS & HOLLISTER LLP**

                                       By: */s/ James M. Jorissen*
                                           James M. Jorissen, #262833
                                           Adam G. Chandler, #397408
                                           Schaan P. Barth, #397898
                                           2200 IDS Center
                                           80 South Eighth Street
                                           Minneapolis, MN 55402
                                           Telephone: 612-977-8400
                                           Facsimile: 612-977-8650
                                           jorissen@taftlaw.com
                                           achandler@taftlaw.com
                                           sbarth@taftlaw.com

                                           **PROPOSED COUNSEL FOR THE DEBTOR**

11

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MINNESOTA**

In re:

Pure Prairie Poultry, Inc.                          Case No. 24-32426 KAC

                    Debtor.                          Chapter 11 Case

**ORDER**

This case is before the court on Debtor's Motion for Expedited Relief and an Order Authorizing Debtor to pay Pre-Petition Real Property Taxes (the "Motion"). Based on the Motion and this court having determined that it is in the best interests of Debtor's estate to grant the Motion, and it appearing that due and proper notice of this action was given,

**IT IS HEREBY ORDERED:**

1.      The Debtor's Motion is granted.

2.      The Debtor's request for expedited relief is granted.

3.      The Debtor is authorized, but not required, to pay or cause to be paid, in their sole discretion, all amounts required under or related to outstanding prepetition real property taxes owed to Floyd County, Iowa pursuant to 11 U.S.C. § 105(a).

4.      The Debtor, and all applicable banks and other financial institutions, are authorized to receive, process, honor and pay any and all transfers evidencing amounts paid by the Debtor under this Order whether presented prior to or after the Petition Date to the extent necessary and to the extent the Debtor has good funds standing to its credit with such bank or other financial institution. Such banks and financial institutions are authorized to rely on the representations of the Debtor as to which checks are issued or authorized to be paid pursuant to this Order without any duty of further inquire and without liability for following the Debtor's instructions.

5.      Nothing in the Motion or this Order, nor any payments made pursuant to this Order, shall be deemed to be, or constitute, (a) an admission as to the validity or priority of any claim against the Debtor, (b) an assumption or post-petition reaffirmation of any agreement, plan, practice, program, policy, executory contract or unexpired lease pursuant to section 365 of the

12

Bankruptcy Code, (c) a grant of third-party beneficiary status of any additional rights on any third party, or (d) a waiver of any rights, claims or defenses of the Debtor.

6.      Nothing in the Motion or this Order shall impair the ability of the Debtor to contest the validity or amount of any payment made pursuant to this Order.

7.      Nothing in the Motion or this Order shall be construed as impairing the Debtor's right to contest the validity or amount of any Pre-Petition Real Estate taxes, whether those contained in the Notice, in Floyd County, Iowa, or elsewhere.

8.      Notwithstanding Bankruptcy Rule 6003 and the possible applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9.      This Court shall retain jurisdiction over any and all matters arising from or related to the implementation or interpretation of this Order.

Dated:                                          _____
                                                United States Bankruptcy Judge

13

134947513v1