**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MINNESOTA**

---

In re:

Pure Prairie Poultry, Inc.,                                      Case No. 24-32426 KAC

            Debtor.                                            Chapter 11 Case

---

**NOTICE OF HEARING ON MOTION SEEKING EMERGENCY ORDER DISMISSING THE DEBTORS' CHAPTER 11 CASE**

---

TO:    THE OFFICE OF THE UNITED STATES TRUSTEE AND OTHER PARTIES-IN-INTEREST AS SPECIFIED IN LOCAL RULE 9013-3.

1.    The above-named Debtor ("Debtor"), through its undersigned attorneys, moves the Court for the relief requested below and gives notice of an emergency hearing to be held.

2.    The Court will hold a hearing on this motion at 2:00 p.m. on September 27, 2024 before the Honorable Katherine A. Constantine, Courtroom 8, U.S. Courthouse, 300 South Fourth Street, Minneapolis, Minnesota 55415.

3.    Due to the request for emergency hearing, the Debtor will not object to the timeliness of any response that is filed and delivered to Debtor's counsel two (2) hours prior to the hearing. **UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.**

4.    Copies of the motion and other pleadings may be obtained by any party in interest free of charge on the dedicated website related to the Debtors' chapter 11 case maintained by the noticing agent in these cases at https://dm.epiq11.com/case/pureprairiepoultry/info or sending an email to the Debtors' counsel at the email address(es) in the signature block below.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction over this motion under 28 U.S.C. §§ 157 and 1334, Bankruptcy Rule 5005 and Local Rule 1070-1. The petition (ECF 1) commencing this case was filed on September 20, 2024 (the "Petition Date"). The case is now pending before this Court.

6. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this court pursuant to 28 U.S.C. §§ 1408 and 1409.

**BACKGROUND**

7. Debtor commenced this case on the Petition Date. The Debtor owns and operates a poultry production plant in Charles City, Iowa (the "Plant"). The events precipitating the Debtor's Chapter 11 filing are described in the Declaration of George Peichel, Chief Financial Officer of Debtor, filed on September 20, 2024 (ECF 6).

8. On the Petition Date, the Debtor filed a voluntary petition for relief pursuant to Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtor continues to operate its business as a debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

9. As of the Petition Date, Debtor also filed a Motion for Interim and Final Orders (I) Granting Expedited Hearing, (II) Approving Postpetition Financing, (III) Granting Liens and Providing Superpriority Administrative Expense Status, (IV) Authorizing Use of Cash Collateral, (V) Granting Adequate Protection, (VI) Modifying Automatic Stay, and (VII) Granting Relief (ECF 13, hereafter "Financing Motion").

10. The Financing Motion, amongst other things, sought the Trustee's approval to obtain senior secured postpetition financing in an aggregate principal amount up to $15,000,000.00 ("DIP Financing") from Sandton Capital Solutions Master Fund VI, LP ("Sandton"). Without the

DIP Financing, Debtor will lack sufficient liquidity to ensure uninterrupted operations and provide adequate assurance to various creditors and/or vendors essential to continued operations.

11. The DIP Financing was contingent on Sandton being granted valid, enforceable, non-avoidable, automatically and fully perfected security interests, liens and superpriority claims. As part of wider negotiations to securing the DIP Financing, Debtor negotiated with its two largest secured creditors, Bremer Bank and Community Bank and Trust ("CB&T"), to voluntarily subordinate their claims and/or interest to Sandton.

12. As it relates to Bremer Bank, Debtor is a borrower under a Business Loan Agreement, dated May 4, 2023, and a Business Loan Agreement (Asset Based), dated September 9, 2023. To secure repayment, on May 4, 2023, the Debtor executed a Commercial Security Agreement, which granted to Bremer Bank a purchase money security interest in all equipment financed with the loan proceeds. To secure repayment of the September 9, 2023 Agreement, Debtor executed a Commercial Security Agreement which granted to Bremer Bank a first priority lien and security interest in a broad array of the Debtor's assets. The May 4, 2023 and September 9, 2023 Bremer Agreements are cross-collateralized. As of the Petition Date, Debtor owes Bremer Bank at least $8,356,074.00 under the above-referenced agreements.

13. As it relates to CB&T, Debtor is a borrower under a loan pursuant to the Food Supply Chain Guaranteed Loan Program ("FSC Loan"), guaranteed by the United States Department of Agriculture, dated April 26, 2023. The FSC Loan is secured by a first priority Construction Mortgage, Assignment of Rents, Security Agreement and Fixture Filing dated as of April 26, 2023 in the original principal amount of $36,742,500.00 (the "CB&T Construction Mortgage") and recorded in the Office of the Floyd County Recorder on May 4, 2023 as Instr. No. 2023 0754. As of the date of the Petition, the Debtor owed CB&T principal of $35,269,286.29

and accrued and unpaid interest in the amount of $996, 625.30, for a total of $36,265,911.59 of debt secured by the CB&T Construction Mortgage.

14. Prior to the filing, Debtor believed that it had reached accords with its secured lenders not to object to the priming of their liens that Debtor could obtain DIP Financing providing granting Sandton priming liens on the Debtor's assets. On September 25, 2024, CB&T notified the Debtor that CB&T could not consent and would therefore file an objection to the proposed DIP Financing, and CB&T filed the objection in advance of the scheduled first day motion. Given its inability to secure priming liens to support the DIP Financing, the Debtor is unable to obtain postpetition financing from Sandton and lacks liquidity to fund its immediate operating requirements.

15. Given recent plant disruptions and the potential for ongoing vendor disruptions, Debtor's cash collections are forecasted to total approximately $3,200,000 during the next six weeks, increasing to approximately $1,100,000.00 per week thereafter. Debtor's total revenue for the next 13 weeks is forecasted at approximately $11,000,000.00

16. Debtor has experienced vendor delays resulting in production disruptions at the facility. Due to these disruptions and lag from transitioning away from an AR factored, Debtor's cash flow forecast results in approximately $10,800,000.00 in negative cash flow through the next six weeks. The forecast contemplates transitioning back to operations consistent with the first half of 2024, which results in cash flow losses of approximately $800,000.00 per week thereafter. Of note, there have been no planned remaining capital expenditures to increase capacity and efficiency needed to generate positive free cash flow for Debtor. The estimated required expenditures to maximize stable operating cash flow in the immediate short term is, at minimum, $5,500,000.00.

17. Based on the above and without DIP Financing, Debtor lacks the resources or cash to continue operations while seeking restructuring and rehabilitation through the Chapter 11 bankruptcy process, nor will Debtor be able to provide adequate assurance to all interested parties critical to continue operations.

18. Dismissal of this case is necessary as a result.

## RELIEF REQUESTED

19. Pursuant to 11 U.S.C. § 1112(b), Debtor requests entry of an order granting Debtor's request to dismiss this case for cause. Further, under 11 U.S.C. § 1112(b), Debtor has a substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation without DIP Financing. There is no reasonable likelihood that a plan will be confirmed in the timeframes established in Sections 1121(e) and 1129(e) of the Bankruptcy Code. Further, dismissal is in the best interests of the creditors and of the Bankruptcy Estate.

20. Absent the relief requested and its immediate nature, Debtor will be unable to operate, may be forced to destroy as many as two million chickens, and will be unable to fund insurance coverage.

21. The Court should reduce the applicable notice period and grant this motion on an emergency basis "for cause shown" under Bankruptcy Rule 9006(c).

22. Secured Creditors CB&T and Bremer Bank, along with the United States Trustee, have indicated their support of this Motion and the relief requested herein.

23. Based on the foregoing, the Debtor submits that cause exists for the relief requested herein, is in the best interests of their estates and creditors, and should be granted in all respects on an immediate basis.

WHEREFORE, the Debtor respectfully requests that the Court grant the Motion, dismiss

this bankruptcy case, and for such other and further relief as the court may deem just and equitable.

Dated: September 25, 2024          **TAFT STETTINIUS & HOLLISTER LLP**

                                             By: */s/ James M. Jorissen*
                                                James M. Jorissen, #262833
                                                Adam G. Chandler, #397408
                                                Schaan P. Barth, #397898
                                                2200 IDS Center
                                                80 South Eighth Street
                                                Minneapolis, MN 55402
                                                Telephone: 612-977-8400
                                                Facsimile: 612-977-8650
                                                jorissen@taftlaw.com
                                                achandler@taftlaw.com
                                                sbarth@taftlaw.com

                                         **PROPOSED COUNSEL FOR THE DEBTOR**

## **VERIFICATION**

I, George, Peichel, Chief Financial Officer of the Debtor named in the foregoing motion, declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information and belief.

Dated this 25th day of September, 2024.

                                            /s/ George Peichel
                                              George Peichel

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MINNESOTA**

In re:

Pure Prairie Poultry, Inc.                                         Case No. 24-32426 KAC

                Debtor.                                          Chapter 11 Case

**DEBTOR'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION**
**TO DISMISS CHAPTER 11 CASE**

The above-named Debtor ("Debtor"), by and through its undersigned counsel, submits this memorandum of law in support of the accompanying motion in the above-entitled matter and in accordance with Local Rule 9013-2(a). Debtor, a debtor-in-possession in the above-captioned case, seeks an order dismissing its bankruptcy case.

**FACTUAL BACKGROUND**

The Debtor relies on the statement of facts set forth in the verified motion. The defined terms used in this Memorandum have the same meaning as in the accompanying motion.

**ARGUMENT**

**I.     THE DEBTOR'S REQUEST FOR EMERGENCY RELIEF SHOULD BE GRANTED.**

The Debtor requests emergency relief. Bankruptcy Rule 9006(c) provides that the Court may reduce the notice period for a Motion "for cause shown." Cause exists here to shorten the notice period and grant the Motion on an expedited basis. As described in the motion, the Debtor was unable to secure financing and, absent immediate emergency relief faces an inability to continue in this bankruptcy. That inability threatens Debtor's day-to-day operations and could

result in needing to destroy as many as two million chickens. Further, Debtor will be unable to fund its insurance coverage absent immediate dismissal.

The result should emergency expedited relief not be granted does not benefit any party to this bankruptcy. Rather, Debtor has sufficiently shown cause to entitle it to expedited emergency relief as requested in the Motion and as permitted by Bankruptcy Rule 9006(c).

**II.    THE DEBTOR'S REQUEST TO DISMISS THIS CHAPTER 11 CASE SHOULD BE GRANTED.**

Section 1112(b) of the Bankruptcy Code vests the bankruptcy court with broad discretion to dismiss a Chapter 11 case "for cause." *See* 11 U.S.C. § 1112(b); *In re All Denominational New Church*, 268 B.R. 536, 537-38 (B.A.P. 8th Cir. 2001). Section 1112(b) of the Bankruptcy Code "enumerates ten examples of events or conduct that constitute cause. However, this list is not exhaustive, and the court is free to consider other factors as they arise and to use its equitable powers to reach an appropriate result in individual cases." *Id*. (citing *Hatcher v. U.S. Trustee (In re Hatcher)*, 218 B.R. 441, 448 (B.A.P. 8th Cir. 1998), *aff'd*, 175 F.3d 1024, 1999 WL 147048 (8th Cir. 1999)); *see also In re Shriock Const., Inc.*, 167 B.R. 569, 575 (Bankr. D.N.D. 1994)).

Among examples of "cause" warranting dismissal is the Debtor's inability to effectuate a plan. *In re All Denominational New Church*, 268 B.R. at 538. Specifically, dismissal of a Chapter 11 case is "proper under this subsection if the court determines that it is unreasonable to expect that a plan can be confirmed in the case." *Id*. (quoting *Matter of Woodbrook Assocs., Ltd.*, 19 F.3d 312, 316 (7th Cir. 1994)). Additional "cause" includes "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation" and "failure to maintain appropriate insurance that poses a risk to the estate or to the public." *See* 11 U.S.C. 1112(b)(4); *Hedquist v. Fokkena (In re Hedquist)*, 450 F.3d 801, 804 (8th Cir. 2006) ('Section

1112(b) of the Bankruptcy Code sets forth ten non-exclusive examples of cause which would justify the dismissal of a Chapter 11 case.").

Here, Debtor is a debtor in possession pursuant to 11 U.S.C. § 1101(1) and it commenced this case as a voluntary case under Chapter 11 of the Bankruptcy Code. Due to unforeseen circumstances, it was unable to secure anticipated funding necessary to its reorganization efforts. Accordingly, Debtor will be unable to propose or carry out a confirmable Chapter 11 plan. There is no reasonable prospect of rehabilitation under Chapter 11, or under conversion to Chapter 7. Rather, Debtor is in immediate need of exit from bankruptcy for the reasons stated above. Absent dismissal, Debtor will be unable to maintain its existing insurance, creating a substantial risk to itself, its creditors, and the general public. Further, absent immediate dismissal, Debtor may be forced to destroy as many as two million chickens as a result of its lack of financing and inability to operate.  In sum, this bankruptcy case serves no purpose to Debtor or its creditors based on the unexpected inability to secure financing to carry out its reorganization efforts.

Based on the foregoing reasons, cause exists to dismiss this bankruptcy case and to do so in expedient fashion. Failure to do so will harm the Debtor and its creditors.

## CONCLUSION

The Debtor respectfully requests that this Court enter an order substantially in the form attached to the Motion dismissing this Chapter 11 bankruptcy case on an emergency basis.

Dated: September 25, 2024               **TAFT STETTINIUS & HOLLISTER LLP**

By: */s/ James M. Jorissen*
James M. Jorissen, #262833
Adam G. Chandler, #397408
Schaan P. Barth, #397898
2200 IDS Center
80 South Eighth Street

3

        Minneapolis, MN 55402
        Telephone: 612-977-8400
        Facsimile: 612-977-8650
        jorissen@taftlaw.com
        achandler@taftlaw.com
        sbarth@taftlaw.com

**PROPOSED COUNSEL FOR THE DEBTOR**

4

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MINNESOTA

In re:

Pure Prairie Poultry, Inc.,                            Case No. 24-32426 KAC

                Debtor.                                Chapter 11 Case

### ORDER

This case is before the court on Debtor's Motion to Dismiss Chapter 11 Case (the "Motion"). Based on the motion, and it appearing that due and proper notice of this action was given,

**IT IS HEREBY ORDERED:**

1. Upon consideration of Debtor's Motion to dismiss the pending Chapter 11 case pursuant to the applicable provisions of Section 1112(b) of the Bankruptcy Code and good cause appearing therefore, Debtor's Motion is granted, and this case is hereby dismissed immediately.

2. This case shall be removed from the Court's docket and closed.

Dated: _____, 2024             _____
                                                         United States Bankruptcy Judge